■ In the Matter of TRAIAN TURKOANJE, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Determination of respondents, dated August 30, 1988, which found petitioner guilty of four departmental charges and specifications and dismissed him from his position as a police officer, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 and transferred to this court by order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered January 24, 1989, is dismissed, without costs or disbursements.

In reviewing the record, we find that there was substantial evidence in the record to support the Commissioner's determination that petitioner failed to safeguard his Police Department shield and I.D. card in that he handed the same over to an unauthorized individual; that he failed to take proper police action despite having knowledge of illegal drug activity by two individuals; and that he failed to cooperate with the Police Department by refusing to answer questions at an official departmental interview (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176).

The Department's evidence was based upon the uncontradicted testimony of two undercover police officers which was fully credited by the Hearing Officer. Indeed, the Hearing Officer found petitioner's failure to contest the testimony given by the undercover officers at the disciplinary hearing, as well as his refusal to answer questions at the official departmental interview, to be "strongly corroborative" of the undercover officers' testimony.

In view of the fact that petitioner was found guilty of multiple charges and specifications, the sanction of dismissal was not so disproportionate as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222, 233). Concur—Kupferman, J. P., Ross, Rosenberger and Wallach, JJ.